RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/27/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TELEFIA SONIAT,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:12-CV-00919 |
| VERSUS | |
| CANTEEN SERVICES, et al.,<br>　　　Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is an employment discrimination claim filed pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e(5), and 29 U.S.C. § 626(c)(1) and (e), in forma pauperis, by pro se plaintiff Telefia Soniat ("Soniat") on April 18, 2012. The named defendants are Winn Correctional Center ("WCC") in Winnfield, Louisiana, and the Canteen Services at WCC. Soniat, who was employed at WCC from September 2004 through May 2010, contends that, when defendants fired her, they discriminated against her on the basis of her race and age, and retaliated against her having reporting "prohibited behavior" in the workplace (retaliation and "whistle-blower" claims). For relief, Soniat asks for compensatory and punitive damages, costs, and attorney fees.

Defendants filed a motion to dismiss for failure to state a claim on which relief may be granted (Doc. 9) and then filed an answer to the complaint (Doc. 10). Soniat did not file a response to defendants' motion. Defendants' motion to dismiss is now before the court for disposition.

## Motion to Dismiss

Defendants contend Soniat's complaint should be dismissed because she failed to name the proper defendant.

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). It is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

In the case at bar, Soniat named WCC and WCC's Canteen Services as the defendants. A parish jail is not an entity, but a

building. <u>Roy v. Orleans Parish Sheriff's Office</u>, 2009 wl 4730697 (E.D.La. 2009), citing <u>Jones v. St. Tammany Parish Jail</u>, 4 F.Supp. 2d 616, 613 (E.D.La. 1998). A prison or jail or its administrative departments are not legal entities capable of being sued under Section 1983 because they are not juridical entities under Louisiana state law capable of being sued and because they are not "persons" for purposes of suit under Section 1983. <u>Fair v. Crochet</u>, 2010 WL 430806, *12 (E.D.La. 2010). Also, <u>Guidry v. Jefferson Cty. Detention Center</u>, 868 F.Supp. 189, 191 (E.D.Tex. 1994). Winn Correctional Center, including its canteen services, is operated by Corrections Corporation of America; that is the corporation that employed, and fired, Soniat.

The correct remedy to a pro se litigant who improperly names defendants is permissive amendment of the complaint. Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. <u>Guidry</u>, 868 F.Supp. at 191, citing <u>Gallegos v. State of La. Code of Crim. Proc.</u>, 858 F.2d 1091, 1092 (5th Cir. 1988). A pro se plaintiff should be accorded leniency and should be permitted to amend her pleadings when it is clear from her complaint that there is a potential ground for relief. <u>Gallegos</u>, 858 F.2d at 1092, citing <u>Moawad v. Childs</u>, 673 F.2d 850, 851 (5th Cir. 1982). Also, <u>Howe v. Polunsky Unit</u>, 346 Fed.Appx. 981 (5th Cir. 2009); Fed.R.Civ.P. rule 15; <u>Wright v. El Paso County Jail</u>, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

Soniat states in her complaint that she was employed at WCC as a supervisor in the food service department from September 2004 to July 2005, as a corrections officer from July 2005 through November 2008, then as a lead food supervisor from November 2008 until May 8, 2010, when she was fired. Soniat contends the, in firing her from WCC, defendants discriminated against her based on her race and age, and retaliated against her for reporting prohibited behavior to supervisors.

It is clear from Soniat's complaint that she intended to sue her employer, Corrections Corporation of America. Assuming for purposes of this motion to dismiss that Soniat's general allegations embrace the specific facts necessary to support her claims, Soniat's complaint sets forth potential grounds for relief. See Glover v. Hester, 2011 WL 1467635 (W.D.La. 2011), aff'd, 478 Fed.Appx. 236 (5th Cir. 2012).

Therefore, defendants' motion to dismiss should be DENIED and Soniat should be afforded an opportunity to amend her complaint to name Corrections Corporation of America as the proper defendant in this case.

## Conclusion

Based on the forgoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss be DENIED.

IT IS FURTHER RECOMMENDED that Soniat be allowed to amend her complaint to name Corrections Corporation of America as the proper

defendant in this case.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27th day of November 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE